IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIFFANY PRICE, AS PARENT & NATURAL GUARDIAN OF A.P., A MINOR<br>465 PERKSMILL ROAD<br>LINCOLN UNIVERSITY, PA 19352,<br>    *PLAINTIFF* | : <br> : <br> : <br> : <br> : <br> : | |
| VS. | : <br> : | |
| AMAZON INC.<br>410 TERRY AVENUE NORTH<br>SEATTLE, WA 98109 | : <br> : <br> : <br> : | A CIVIL ACTION<br>DOCKET NUMBER :<br>25 – CV – 4791 |
| *AND* | : <br> : | |
| SPORTSPOWER, LTD.<br>10301 NW 50TH STREET<br>SUNRISE, FL 33351-8009,<br>    *DEFENDANTS* | : <br> : <br> : <br> : | JURY TRIAL DEMANDED |

## COMPLAINT

Filed on August 20, 2005 by:
**BELLWOAR KELLY, LLP**
126 W. Miner Street                                  Ryan R. Grace
West Chester, PA 19382                         PA Attorney ID: 307192
(610) 314-7066                                       rgrace@bellwoarkelly.com

AND NOW Tiffany Price, as parent and natural guardian of A.P., a minor, by and through undersigned counsel, files this Complaint alleging that the Defendants are strictly liable, jointly and severally, for injuries suffered by A.P. as a direct and proximate result of a defective and unreasonably dangerous product that was designed, manufactured, distributed, marketed, and sold by the Defendants.

## THE PARTIES

1. Plaintiff, Tiffany Price, is the parent and natural guardian of A.P., a minor ("Plaintiff") and is an adult individual, a citizen of the Commonwealth of Pennsylvania, residing therein at 465 Perksmill Road, Lincoln University, PA 19352.

2. Defendant Amazon.com, Inc. ("Defendant Amazon") was, at all relevant times hereto, a business organized under the laws of the state of Washington, operating in the business of marketing, selling, and facilitating the sale of consumer products to the general public through an online marketplace, with a principal address of 410 Terry Avenue North, Seattle, Washington 98109.

3. Defendant Sportspower, Ltd. ("Defendant Sportspower") was, at all relevant times hereto, a business organized under the laws of the state of Florida engaged in the business of designing, manufacturing, assembling, labeling, marketing, selling, and distributing consumer products, with and address of 10301 NW 50th Street, Sunrise, Florida 33351-8009.

4. At all relevant times hereto, Defendant Amazon and Defendant Sportspower had extensive, continuous, regular and systematic business contacts in the Eastern District of Pennsylvania.

## JURISDICTION

5. Jurisdiction over this controversy is properly vested in the United States District Court of the Eastern District of Pennsylvania pursuant to 29 U.S.C. §1332, as the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and cost.

## VENUE

6. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District, and the Defendants conduct substantial business within this District. Specifically, Defendants, collectively and individually, marketed, advertised, distributed, and sold products to consumers in interstate commerce within the Eastern District, including Chester County.

7. The Plaintiff demands that a jury be empaneled to address these allegations.

## FACTS

8. In April 2025, the Defendants collectively sold a dangerously defective swing set to the Plaintiff, which caused serious damage to a small child when it collapsed due to its defective condition.

9. The product at issue was a swing set (hereinafter "The Defective Toy").

10. The Defective Toy was manufactured and/or distributed by Defendant Sportspower.

11. Defendant Amazon advertised and distributed The Defective Toy.

12. The Defective Toy was described by Defendant Sportpower and Defendant Amazon, as the "Sportspower Everest 10' Swing Set with 3 Adjustable Sling Swings, Green/White."

13. Defendants' collective advertisement and warranty of The Defective Toy was that it was rated for use by individuals weighing up to 200 pounds, including adults.

14. The Defendants caused The Defective Toy to be delivered to the Plaintiff on or about April 25, 2025,

15. The Defective Toy was assembled according to the manufacturer's instructions.

16. On or about April 26, 2025, minor Plaintiff A.P. was using The Defective Toy when it suddenly collapsed due to a structural failure.

17. Collapse of The Defective Toy caused A.P. to fall violently to the ground and sustain serious injuries.

18. The structural failure of The Defective Toy involved both the right and left swing chains snapping at the weld line.

19. The specific nature of the structural failure here indicates a critical defect in the manufacturing or materials used in the product.

20. At the time it collapsed, The Defective Toy was in the same condition as when it was received by Plaintiff, and it had not been altered or modified in any way prior to the collapse.

21. Subsequent to the injury, it was learned that reviews by other users posted on Defendant Amazon's online platform, prior to this incident, described similar product failures in the same item as The Defective Toy sold to the Plaintiff.

22. Some of the reviews posted on Defendant Amazon's online platform prior to this incident, and later discovered by the Plaintiff, included specific complaints of structural issues involving chains snapping or breaking at the weld lines, indicating a known and ongoing defect in the product line.

23. Reviews posted on Defendant Amazon's online platform by other users prior to this incident describing product failures in The Defective Toy placed both Defendants on actual notice that The Defective Toy was, in fact, defective.

24. Despite the presence of reviews describing structural failure in The Defective Toy, the Defendants failed to adequately make those reviews visible to potential customers.

25. Defendant Amazon and Defendant Sportspower failed to make information about the prior injuries, caused by the Defective Toy, readily available to consumers like the Plaintiff.

26. Despite the presence of reviews describing structural failure in The Defective Toy, the Defendants failed to remove the Defective Toy from the stream of commerce

## COUNT I – STRICT LIABILITY
*Plaintiff v. Defendant Amazon*

27. The above paragraphs of the Complaint are incorporated herein by reference as through set forth at length.

28. Amazon was a substantial link in the chain of distribution of a defective and unreasonably dangerous product that directly and proximately caused injury to the minor Plaintiff.

29. Defendant Amazon is strictly liable to Plaintiff because it sold, marketed, and placed into the stream of commerce The Defective Toy that caused Plaintiff's injuries.

30. At all relevant times, The Defective Toy was expected to and did reach the Plaintiff without substantial change to the condition in which it was sold.

31. The Defective Toy was defective in design and/or manufacture and was unreasonably dangerous for its intended use.

32. Defendant Amazon knew or had reason to know that The Defective Toy was being sold with known structural defects, as demonstrated by prior consumer reviews and complaints posted on its platform.

33. Defendant Amazon failed to act to remove, recall, or correct the defective product

34. Defendant Amazon failed to reasonably warn potential purchasers, despite having the ability and obligation to do so.

35. As a direct and proximate result of The Defective Toy's defective condition and Defendant's conduct as set forth above, minor Plaintiff suffered serious injuries and continues to endure the effects thereof.

36. Due to the direct and proximate result of The Defective Toy's defective condition, Plaintiff has experienced pain and suffering, embarrassment, humiliation, emotional distress, and the loss of enjoyment of life.

37. Due to the direct and proximate result of The Defective Toy's defective condition, Plaintiff has suffered embarrassment and humiliation due to scarring of the Minor's right arm.

38. As a direct and proximate result of The Defective Toy's defective condition, Plaintiff suffered extensive injuries and was caused to endure extensive medical treatment and may be required to undergo further medical treatment in the future.

39. As a direct and proximate result of The Defective Toy's defective condition, Plaintiff has been and will be required to spend large amounts of money for medical treatment and supplies.

40. The structural inadequacy of The Defective Toy was so extreme and so known to Defendant Amazon that punitive damages are warranted.

Wherefore, Plaintiff demands judgement against Defendant Amazon for a sum in excess of seventy-five thousand ($70,000.00) in compensatory damages, punitive damages, and interest together with permissible costs of suit, and all other relief The Court deems appropriate.

## COUNT II – BREACH OF WARRANTY
*Price v. Defendant Amazon*

41. The above paragraphs of the Complaint are incorporated herein by reference as through set forth at length.

42. Defendant Amazon.com, Inc. ("Defendant Amazon"), as the seller and distributor of The Defective Toy, warranted—expressly and/or impliedly—that the product was safe and suitable for its intended use.

43. The Defective Toy was advertised, marketed, and sold as appropriate for children and rated to support up to 200 pounds, including use by adults.

44. Defendant Amazon expressly warranted, through online product descriptions and representations on its platform, that The Defective Toy met specific safety and durability standards and was fit for recreational use by minor children.

45. Defendant Amazon further impliedly warranted that the subject swing set was of merchantable quality and reasonably fit for its ordinary and intended use.

46. Plaintiff relied upon the express and implied warranties made by Defendant Amazon in deciding to purchase The Defective Toy.

47. The Defective Toy failed to conform to the warranties provided by Defendant Amazon. Specifically, the swing collapsed during normal use due to a structural failure of both swing chains at the weld lines—rendering the product unsafe and unfit for use.

48. Defendant Amazon breached its warranties by distributing and selling a defective product, failing to inspect or test the product adequately, and continuing to allow its sale despite known consumer complaints regarding similar failures.

49. As a direct and proximate result of Defendant Amazon's breach of express and/or implied warranties, Plaintiff suffered serious injuries and damages, including physical harm, pain and suffering, and medical expenses.

50. As a direct and proximate result of Defendant Amazon's breach of express and/or implied warranties as set forth above, minor Plaintiff suffered serious injuries and continues to endure the effects thereof.

51. Due to the direct and proximate result of Defendant Amazon's breach of express and/or implied warranties, Plaintiff has experienced pain and suffering, embarrassment, humiliation, emotional distress, and the loss of enjoyment of life.

52. Due to the direct and proximate result of Defendant Amazon's breach of express and/or implied warranties, Plaintiff has suffered embarrassment and humiliation due to scarring of the minor's arm.

53. As a direct and proximate result of Defendant Amazon's breach of express and/or implied warranties, Plaintiff suffered extensive injuries and was caused to endure extensive medical treatment and may be required to undergo further medical treatment in the future.

54. As a direct and proximate result of Defendant Amazon's breach of express and/or implied warranties, Plaintiff has been and will be required to spend large amounts of money for medical treatment and supplies.

55. The warranties made regarding The Defective Toy were so wildly incorrect, and also known to be incorrect, that punitive damages are warranted

Wherefore, Plaintiff demands judgement against Defendant Amazon for a sum in excess of seventy-five thousand ($75,000.00) in compensatory damages, punitive damages, and interest together with permissible costs of suit, and all other relief the Court deems appropriate.

## COUNT III – PRODUCT LIABILITY
*Plaintiff v. Defendant Sportspower*

56. The above paragraphs of the Complaint are incorporated herein by reference as through set forth at length.

57. The injuries and damages sustained by the minor Plaintiff were the direct and proximate result of a defective and unreasonably dangerous condition of The Defective Toy, including but not limited to:

a. designing and/or manufacturing a swing set with inadequate welds that failed during foreseeable use;

b. failing to conduct appropriate quality control or safety testing to ensure the structural integrity of the chains and welds;

c. failing to provide adequate warnings or instructions regarding the risk of structural failure;

d. selling and/or distributing a swing set with known defects;

e. allowing the continued marketing and sale of the swing set despite awareness of dangerous product defects;

f. failing to recall or remediate the defective product prior to Plaintiff's purchase;

g. placing a product into the stream of commerce that was unsafe for its intended use;

h. negligently marketing the swing as safe and appropriate for use by individuals of the minor Plaintiff's weight;

i. failing to remove the product listing or investigate product safety in response to prior consumer complaints;

j. failing to exercise reasonable care in the design, manufacture, and distribution of the swing set.

58. As a direct and proximate result of the product's defective condition and Defendant Sportspower's conduct as set forth above, minor Plaintiff suffered serious injuries and continues to endure the effects thereof.

59. As a direct and proximate result of the product's defective condition, Plaintiff has experienced pain and suffering, embarrassment, humiliation, emotional distress, and the loss of enjoyment of life.

60. Due to the direct and proximate result the Defendant Sportspower's negligence, Plaintiff has suffered embarrassment and humiliation due to scarring of the minor's right arm.

61. As a direct and proximate result of the Defendant Sportspower's negligence, Plaintiff suffered extensive injuries and was caused to endure extensive medical treatment and may be required to undergo further medical treatment in the future.

62. As a direct and proximate result of the Defendant Sportspower's negligence, Plaintiff has been and will be required to spend large amounts of money for medical treatment and supplies.

63. The structural inadequacy of The Defective Toy was so extreme and so known to Defendant Sportspower, that punitive damages are warranted

Wherefore, Plaintiff demands judgement against Defendant Sportspower for a sum in excess of seventy-five thousand ($75,000.00) in compensatory damages, punitive damages, and interest together with permissible costs of suit, and all other relief The Court deems appropriate.

## COUNT IV – NEGLIGENCE
Price v. Sportspower, LTD.

64. The above paragraphs of the Complaint are incorporated herein by reference as through set forth at length.

65. At all relevant times, Defendant Sportspower was engaged in the design, manufacturing, testing, labeling, distribution, and/or sale of The Defective Toy.

66. Defendant Sportspower owed a duty to Plaintiff and to the general public to exercise reasonable care in the design, manufacture, inspection, testing, quality control, and warnings associated with The Defective Toy to ensure it was safe for its intended use—specifically, recreational use by minor children.

67. Defendant Sportspower breached its duty of care and was negligent in, including but not limited to, the following ways:

    a. designing and manufacturing a swing set with defective or inadequate welds that were prone to failure under ordinary use;

    b. failing to properly test and inspect the product prior to distribution and sale;

    c. failing to issue a recall or safety warning in light of known product defects or similar prior incidents;

    d. failing to incorporate adequate quality assurance or materials testing procedures;

    e. failing to warn consumers of the risk of structural failure;

    f. marketing and distributing the swing set for use by children despite foreseeable and unreasonable risk of harm;

g. continuing to allow the swing to be sold after becoming aware—or when it should have been aware—of similar prior product failures;

h. failing to act reasonably as a manufacturer of recreational equipment intended for use by children.

68. As a direct and proximate result of the negligent acts and omissions of Defendant Sportspower, The Defective Toy collapsed during ordinary and foreseeable use, causing minor Plaintiff A.P. to suffer serious injuries.

69. As a direct and proximate result of Defendant Sportspower's result of the negligent acts and omissions, Plaintiff suffered serious injuries and damages, including physical harm, pain and suffering, and medical expenses.

70. As a direct and proximate result of result of the negligent acts and omissions as set forth above, minor Plaintiff suffered serious injuries and continues to endure the effects thereof.

71. Due to the direct and proximate result of the Defendant Sportspower's negligent acts and omissions, Plaintiff has experienced pain and suffering, embarrassment, humiliation, emotional distress, and the loss of enjoyment of life.

72. Due to the direct and proximate result of the Defendant Sportspower's negligent acts and omissions, Plaintiff has suffered embarrassment and humiliation due to scarring of the Minor's right arm.

73. As a direct and proximate result of Defendant Sportspower's negligent acts and omissions, Plaintiff suffered extensive injuries and was caused to endure

extensive medical treatment and may be required to undergo further medical treatment in the future.

74. The oversight of The Defective Toy's production was so insufficient, and its dangers were directed intentionally toward children, such that punitive damages are warranted

Wherefore, Plaintiff demands judgement against Defendant Sportspower for a sum in excess of seventy-five thousand ($75,000.00) in compensatory damages, punitive damages, and interest together with permissible costs of suit, and all other relief The Court deems appropriate.

Respectfully Submitted,
**BELLWOAR KELLY, LLP**

Ryan R. Grace
*Attorney at Law*

Date:   8/20/25